UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF MICHAEL FRANK MARRUFO, *et al*.<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF BAKERSFIELD, *et al*.<br><br>Defendants. | Case No. 1:24-cv-00274-JLT-CDB<br><br>ORDER GRANTING PETITIONS FOR APPOINTMENT OF GUARDIAN AD LITEM OF MINORS G.H., V.H., AND A.H.<br><br>(Docs. 5-7) |

Pending before the Court is Plaintiffs G.H., V.H., and A.H.'s petitions to appoint Jennifer Marrufo as their guardian ad litem, filed on March 8, 2024. (Docs. 5-7). For the reasons set forth herein, Plaintiffs' petitions shall be GRANTED.

**<u>Legal Standard</u>**

Pursuant to Rule 17 of the Federal Rules of Civil Procedure, a representative of a minor or incompetent person may sue or defend on the minor or incompetent person's behalf. Fed. R. Civ. P. 17(c). A court "must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." *Id*. The capacity of an individual to sue is determined "by the law of the individual's domicile." Fed. R. Civ. P. 17(b)(1).

Under California law, an individual under the age of 18 is a minor, and a minor may bring suit if a guardian conducts the proceedings. Cal. Fam. Code §§ 6502, 6601. The Court may appoint a

guardian ad litem to represent the minor's interests. Cal. Code Civ. P. § 372(a). To evaluate whether to appoint a particular guardian ad litem, the Court must consider whether the minor and the guardian have divergent interests. Cal. Code Civ. P. § 372(b)(1).

The appointment of the guardian ad litem is more than a mere formality. *United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cty., State of Wash.*, 795 F.2d 796, 805 (9th Cir. 1986). A Court shall take whatever measures it deems appropriate to protect the interests of the individual during the litigation. *See id.* (noting, "[a] guardian ad litem is authorized to act on behalf of his ward and may make all appropriate decisions in the course of specific litigation."). The guardian need not possess any special qualifications, but she must "be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *AT&T Mobility, LLC v. Yeager*, 143 F. Supp.3d 1042, 1054 (E.D. Cal. 2015) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990)). This means that the guardian cannot face an impermissible conflict of interest with the ward, and courts consider the candidate's "experience, objectivity and expertise" or previous relationship with the ward. *Id.* (citations omitted).

Further, the Local Rules of the Eastern District of California provide:

(a) Appointment of Representative or Guardian. Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person shall present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the Court, or (3) a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person. See Fed. R. Civ. P. 17(c);

. . . .

(c) Disclosure of Attorney's Interest. When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount. (E.D. Cal. Local Rule 202).

The decision to appoint a guardian ad litem "must normally be left to the sound discretion of the trial court." *30.64 Acres of Land*, 795 F.2d at 804. However, "if the parent has an actual or potential conflict of interest with [their] child, the parent has no right to control or influence the child's litigation." *Molesky for J.M. v. Carillo*, No. 1:22-cv-1567-ADA-CDB, 2022 WL 17584396, *1 (E.D. Cal. Dec. 12, 2022) (quoting *Williams v. Super. Ct. of San Diego*, 147 Cal. App. 4th 36, 50 (2007)).

**Discussion**

The petitions represent that G.H. is 12 years old, V.H. is 11 years old, and A.H. is ten years old. (Docs. 5 at 3; 6 at 3; 7 at 3). No previous motion for appointment of guardian ad litem has been filed in this matter. *Id*.[1] The proposed guardian ad litem, Jennifer Marrufo is the biological mother of G.H., V.H., and A.H. and also is a plaintiff in this action. (Docs. 5 at 4; 6 at 4; 7 at 4). Jennifer Marrufo declares she has no interest adverse to the interests of her minor children and has been informed and understands that the appointment is necessary under the applicable state and federal rules. (Docs. 5 at 7; 6 at 7; 7 at 7). Plaintiffs are suing municipal entities and government officials for similar civil rights violations (Doc. 1), and there does not appear to be any conflict of interest among the claims and claimants. G.H., V.H., and A.H.'s mother, Jennifer Marrufo is presumed to act in the minor plaintiffs' best interest and there is nothing here to call that presumption into question. *See Brown v. Alexander*, No. 13-cv-01451-RS, 2015 WL 7350183, at *2 (N.D. Cal. Nov. 20, 2015) ("in general, a parent who is also a party to the lawsuit is presumed to be a suitable guardian ad litem[.]"). Accordingly, the Court will follow the general presumption and allow the minors' parent to act as guardian ad litem.

The motion meets the requirements of Local Rule 202(c). Counsel Christian Contreras, counsel of record for Plaintiffs, states he does not stand in any relationship with Defendants or any other party against whom a cause of action could be asserted. (Docs. 5 at 5; 6 at 5; 7 at 5). The Court notes that, according to the petitions, the parties have entered into an agreement that provides for fees

---

[1] Local Rule 202 requires upon commencement of an action, the attorney representing the minor must present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the Court or, (3) a showing satisfactory to the Court that no such appointment is necessary. E.D. Cal. Local Rule 202(a).

3

to counsel in the amount of 33.33% of a settlement or judgment reached prior to the filing of a lawsuit or 40% of a settlement or judgment reached after the filing of a lawsuit. *Id.* As counsel acknowledges in the petitions, this is well above the 25% benchmark that courts in the Eastern District of California typically award for attorneys' fees in contingency cases involving minors. *See Chance v. Prudential Ins. Co. of Am.*, No. 1:15-cv-01889-DAD-JLT, 2016 WL 3538345, at *3 (E.D. Cal. June 29, 2016) (compiling cases); *Sykes v. Shea*, No. 2:16-2851 WBS GGH, 2018 WL 2335774, at *1 (E.D. Cal. May 23, 2018) ("It has been the practice in the Eastern District of California to consider 25% of the recovery as the benchmark for attorney's fees in contingency cases involving minors.").

The Court need not resolve the issue of the reasonableness of any attorneys' fees at this time. As stated above, the standards for the appointment of Jennifer Marrufo have been met. Moreover, as the petitions note, there will be another opportunity to assess the reasonableness of any payment to counsel if a settlement is reached. (Docs. 5 at 6; 6 at 6; 7 at 6); *see* E.D. Cal. L.R. 202 (b) (requiring Court approval for settlements or compromises of a claim brought by a minor); *Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983). Thus, the Court shall allow the appointment of Jennifer Marrufo as guardian ad litem for G.H., V.H., and A.H., but does not herein endorse the fairness and reasonableness of the contractual contingency fee amount, which will be considered by the Court before any payment pursuant to a minors' compromise is approved.

**Conclusion and Order**

For the foregoing reasons, it is HEREBY ORDERED:

1. Plaintiffs G.H., V.H., and A.H.'s petitions to appoint Plaintiff Jennifer Marrufo as guardian ad litem (Docs. 5-7) are GRANTED; and
2. Plaintiff Jennifer Marrufo is appointed to act as guardian ad litem for Plaintiffs G.H., V.H., and A.H. and is authorized to prosecute the action on their behalf.

IT IS SO ORDERED.

Dated: **March 11, 2024**

UNITED STATES MAGISTRATE JUDGE