UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF MICHAEL FRANK MARRUFO, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF BAKERSFIELD, *et al.*,<br><br>Defendants. | Case No. 1:24-cv-00274-CDB<br><br>ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO MODIFY THE SCHEDULING ORDER TO AMEND THE PLEADINGS<br><br>(Doc. 18) |

Pending before the Court[1] is the motion of Plaintiffs Estate of Michael Frank Marrufo, Jennifer Marrufo, individually, and as successor in interest to decedent Michael Frank Marrufo, G.H., V.H., and A.H., individually, and as successors in interest to Michael Frank Marrufo ("Decedent"), by and through their guardian ad litem Jennifer Marrufo (collectively, "Plaintiffs") for leave to modify the scheduling order to permit their belated filing of a first amended complaint, filed on October 7, 2025. (Doc. 18). On October 10, 2025, Defendants City of Bakersfield, Jason Zamora Gonzalez, and Carlos Hernandez-Rodriguez (collectively, "Defendants") filed an opposition, and on October 20, 2025, Plaintiffs replied. (Docs. 19, 20). On October 30, 2025, the

---

[1] On May 30, 2024, after the parties consented to the jurisdiction of a U.S. Magistrate Judge for all further proceedings pursuant to 28 U.S.C. § 636(c)(1), this action was reassigned to the undersigned. (Doc. 14).

Court deemed the motion suitable for disposition without hearing and oral argument and vacated the motion hearing set for November 12, 2025. (Doc. 22) (citing L.R. 230(g)).

## I. Relevant Background

Plaintiffs initiated this action with the filing of a complaint against Defendants on March 5, 2024. (Doc. 1). Plaintiffs assert nine claims against Defendants alleging civil rights and related violations arising from an encounter between the Decedent and individual Defendants on July 18, 2023, during which Defendants allegedly engaged in unlawful and excessive use of force leading to Decedent's death. (Doc. 1 ¶¶ 18-24). On March 11, 2024, the Court granted Plaintiffs G.H., V.H., and A.H.'s petitions to appoint Plaintiff Jennifer Marrufo as guardian ad litem. (Doc. 8).

Following a scheduling conference, on May 31, 2024, the Court entered the operative scheduling order setting forth discovery, motion and pretrial and trial dates and deadlines, including, relevant here, a deadline of August 19, 2024, to amend pleadings. (Doc. 15). All discovery closed on August 14, 2025, and the pretrial conference is scheduled for April 16, 2026, with trial to commence on July 22, 2026. *Id.*

On October 27, 2025, Defendants filed a pending motion for summary judgment. (Doc. 21). Plaintiffs did not file a dispositive motion by the deadline.

## II. Governing Authority

### A. Rule 16

"Generally, Federal Rule of Civil Procedure 15(a) liberally allows for amendments to pleadings." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). However, a district court "should address the issue under Federal Rule of Civil Procedure 16 [where] it had filed a pretrial scheduling order that established a timetable for amending the pleadings, and the deadline had expired before [plaintiffs] moved to amend." *Id.*; *e.g., Beech v. San Joaquin County*, No. 2:15-cv-00268-TLN-CKD, 2019 WL 5566250, at *2 (E.D. Cal. Oct. 29, 2019) ("When a court issues a pretrial scheduling order that establishes a timetable to amend the complaint, Rule 16 governs any amendments to the complaint."); *Moriarty v. Cnty. of San Diego*, No. 17-cv-1154-LAB (AGS), 2019 WL 4643602, at *4 (S.D. Cal. Sept. 24, 2019) ("Ordinarily, leave to amend is governed by Fed. R. Civ. P. 15(a)'s standard. Here, however, amendment would also require

1  amending the scheduling order, implicating Fed. R. Civ. P. 16.").

2  District courts enter scheduling orders in actions to "limit the time to join other parties,
3  amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3). Once
4  entered, a scheduling order "controls the course of the action unless the court modifies it." Fed. R
5  Civ. P. 16(d). Scheduling orders are intended to alleviate case management problems. *Johnson v.*
6  *Mammoth Recreations, Inc*., 975 F.2d 604, 610 (9th Cir. 1992).

7  "A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly
8  disregarded by counsel without peril." *Id*. (quotation and citation omitted). Under Federal Rule
9  of Civil Procedure 16(b), a scheduling order "may be modified only for good cause and with the
10 judge's consent." Fed. R. Civ. P. 16(b)(4). As the Court of Appeals has observed:

> In these days of heavy caseloads, trial courts in both the federal and state systems routinely set schedules and establish deadlines to foster efficient treatment and resolution of cases. Those efforts will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines. Parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders[.]

15 *Wong v. Regents of Univ. of Cal*., 410 F.3d 1052, 1060 (9th Cir. 2005). "Rule 16(b)'s 'good cause'
16 standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975
17 F.2d at 609 (finding that a belated motion to amend is governed by Rule 16 and not Rule 15(a)).
18 If the moving party is unable to reasonably meet a deadline despite acting diligently, the scheduling
19 order may be modified. *Id*. If, however, the moving party "'was not diligent, the inquiry should
20 end' and the motion to modify should not be granted." *Zivkovic v. So. Cal. Edison Co.*, 302 F.3d
21 1080, 1087 (9th Cir. 2002) (quoting *Johnson*, 975 F.2d at 609); *see In re Western States Wholesale*
22 *Natural Gas Antitrust Litigation*, 715 F.3d 716, 737 (9th Cir. 2013) (noting that "a court may take
23 into account any prejudice to the party opposing modification of the scheduling order," but
24 reiterating under *Johnson* "the focus" of the Rule 16(b) analysis is the moving party's reasons for
25 seeking modification). "Only upon a finding of good cause will the court then evaluate the request
26 to amend the complaint under Rule 15(a)'s standards." *Baugher Ranch Organics v. Great Host*
27 *Int'l, Inc.*, No. 2:21-cv-00646-MCE-DB, 2023 WL 6164029, at *1-2 (E.D. Cal Sept. 21, 2023)
28 (declining to conduct a Rule 15 analysis after finding that the moving party failed to establish good

cause); *accord Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) ("If we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure.").

### B. Rule 15

Federal Rule of Civil Procedure 15 provides that a plaintiff may amend the complaint only by leave of the court or by written consent of the adverse party if the amendment is sought more than 21 days after the filing of a responsive pleading or a motion to dismiss. Fed. R. Civ. P. 15(a). "Rule 15(a) is very liberal" and a court should freely give leave to amend when "justice so requires." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006); *see Chodos v. W. Publ. Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("it is generally our policy to permit amendment with 'extreme liberality'") (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir.1990)).

Granting or denying leave to amend a complaint under Rule 15 is within the discretion of the court. *Swanson v. United States Forest Service*, 87 F.3d 339, 343 (9th Cir. 1996). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir, 1981); *Chudacoff v. Univ. Med. Ctr.*, 649 F.3d 1143, 1152 (9th Cir. 2011) ("refusing Chudacoff leave to amend a technical pleading error, albeit one he should have noticed earlier, would run contrary to Rule 15(a)'s intent.").

A court ordinarily considers five factors to assess whether to grant leave to amend: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004). In conducting this five-factor analysis, the court generally grants all inferences in favor of permitting amendment. *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). Moreover, the court must be mindful that, for each of these factors, the party opposing amendment has the burden of showing that amendment is not warranted. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

The Court may deny a motion for leave to amend if permitting an amendment would, among other things, cause an undue delay in the litigation and prejudice the opposing party. Courts have found amendments to be prejudicial to the nonmoving party when leave to amend is sought as a discovery deadline nears or already passed. *See*, *e.g.*, *Zivkovic*, 302 F.3d at 1087; *Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) ("A need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint.").

### III. Parties' Contentions

In support of their motion, Plaintiffs represent that on September 30, 2025, the parties met and conferred with Defendants to discuss amending the pleadings to add Alexis Marrufo as a named plaintiff, contending that she is a necessary successor in interest and "indispensable heir" to this action under California state law. (Doc. 18 at 4). Plaintiffs specifically seek to add Alexis Marrufo as a named plaintiff to their Third Cause of Action (Interference with Familial Relationship, in violation of the Fourteenth Amendment) and all of the state law claims (Fifth through Ninth Causes of Action). *See* Doc. (18-2, proposed first amended complaint). Plaintiffs argue that good cause exists under Fed. R. Civ. P. 16(b)(4) to grant their requested relief to file a first amended complaint adding Ms. Marrufo as "California law mandates that all heirs be joined in a single action in wrongful death claims." *Id.* at 4-5. Plaintiffs contend they have been diligent in their efforts to comply with the scheduling order, to conduct discovery, and to meet and confer with Defendants' counsel to attempt to resolve the amendment issue, and acknowledge that due to staffing changes, "including the departure of prior counsel[,]" Plaintiffs have "acted in good faith with reasonable diligence under the circumstances." *Id.* at 5. Plaintiffs further contend that Ms. Marrufo is a necessary party that must be joined under Rule 19(a) as she is the biological daughter and heir to Decedent and, as such, "she possesses a statutory interest and right in the wrongful death claim and must be joined in the action to complete relief among all heirs and protect her legal interest." *Id.* at 6-7. Plaintiffs contend there is no prejudice to Defendants as the addition of Ms. Marrufo as a plaintiff "does not introduce new claims or fundamentally alter the nature of the lawsuit[.]" *Id.* at 8-9.

1  Defendants argue that the Court should deny Plaintiffs' motion because "Plaintiffs did not
2  act with diligence in seeking to modify the Scheduling Order or in seeking leave to file an amended
3  complaint[,]" Defendants would be prejudiced by such amendment at this late date, Plaintiffs were
4  dilatory in seeking to amend, and amendment would be futile given the pre-suit claims presentation
5  requirement under the Government Tort Claims Act and the applicable statute of limitations. (Doc.
6  19 at 18). Defendants contend that Plaintiffs' counsel was "indisputably aware of the existence of
7  an heir that they failed to join" despite Defendants' counsel's repeated contacts about the issue. *Id.*
8  at 5. Defendants further contend that, "after discovery has closed, after the deadline to file non-
9  dispositive motions has passed, and when Defendants are … on the precipice of filing their Motion
10 for Summary Judgment, Plaintiffs seek leave to add an entirely new Plaintiff" when Plaintiffs "have
11 not been diligent in seeking to amend[.]" *Id*. Defendants argue that they would be "extremely
12 prejudiced" as discovery has closed and Defendants have no avenue to propound written discovery
13 or take the proposed Plaintiff's deposition or any other related discovery "which might inform on
14 the nature of Alexis Marrufo's relationship with her father and her damages." *Id.* at 12.

15  Plaintiffs argue in reply that Defendants will not be prejudiced by the amendment because
16 "this issue can be resolved through a stipulation … allowing Defendants to conduct the necessary
17 discovery regarding Alexis Marrufo" and because the proposed amendment "does not alter the
18 substantive claims or introduce new theories of liability[.]" (Doc. 20 at 10). Notwithstanding
19 Plaintiffs' proposed first amended complaint seeks to add Ms. Marrufo as a named plaintiff to all
20 of the state law causes of action (*see* Doc. 18-2), Plaintiffs "acknowledge" that she did not comply
21 with the Government Tort Claims Act "and is therefore not eligible to bring state law claims" and
22 that she "does not intend to join any of the state claims." (Doc. 20 at 12). As to the federal claim
23 for which she seeks to be added, Plaintiffs contend that the proposed amendment is not futile as
24 Plaintiffs filed their complaint within the statute of limitations, Ms. Marrufo will only be asserting
25 federal claims to which she is entitled "and which are already part of the complaint" and because
26 she "can relate back" those claims to the filing of the original complaint under Fed. R. Civ. P.
27 15(c)(1). *Id.* at 12, 14-15.
28 ///

6

### IV. Discussion

#### A. Rule 16 Analysis

Plaintiffs fail to meet their burden under Rule 16 to demonstrate that good cause warrants a belated amendment to the scheduling order permitting amendment of pleadings. Their general and conclusory references to having proceeded diligently in complying with the scheduling order, conducting discovery, and in their meet and confer efforts with opposing counsel to attempt to resolve the amendment issue are inadequate.

As one explanation for the undeniably late filing of their motion, Plaintiffs point to "staffing changes," specifically, the departure of co-counsel (Edwin Stuart Salguero) in November 2024, as a basis to find good cause to amend the scheduling order. (Doc. 18 at 5; Doc. 20 at 5). However, Plaintiffs' argument is undeveloped and the Court has no further details to inform how this departure undermined current counsel's ability to anticipate the need for the proposed amendment to the complaint. Current counsel (Christian Contreras) has been noticed as an attorney in this action since its inception and, importantly, was included on the relevant email exchanges between Plaintiffs' departed counsel and Defendants' counsel between August 2024 and November 2024 when Defendants raised the issue of the possible need to explore adding an unnamed heir to the action. *See* (Doc. 19 at 3-5, 11) (referencing communications by counsel for Defendants with Plaintiffs' current counsel regarding the heir issue). *See, e.g., Global Community Monitor v. Mammoth Pacific L.P.*, No. 2:14-cv-01612-MCE-KJN, 2016 WL 4247995, at *3 (E.D. Cal. Aug 11, 2016) (presumption against finding good cause "when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action") (citing *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1295 (9th Cir. 2000)).[2]

Though Plaintiffs assert that their belated motion to amend "arises from circumstances that were not the result of bad faith of willful disregard of the scheduling order[,]" (Doc. 18 at 5), that is not the touchstone for granting or denying a request to amend the scheduling order. Instead, the

---

[2] While the Court acknowledges the challenges associated with counsel reassignments, this extraordinary delay does not demonstrate reasonable diligence, especially given that Plaintiffs' current counsel, as noted above, was involved in this litigation and the relevant email exchanges since the inception of this case.

moving party must demonstrate diligence and good cause. Here, Plaintiffs' carelessness in failing to seek relief when the issue of the possible need to add a plaintiff was presented to them and discussed *approximately one year* before they filed their motion "is not compatible with a finding of diligence and offers no reason for a grant of relief." *See Johnson*, 975 F.2d at 609. Although the Court acknowledges that parties should not necessarily bear the consequences of imperfect counsel diligence, it is the parties themselves that "ultimately [are] responsible for the acts and omissions of the representatives [they] voluntarily choose []; [they] cannot now avoid their consequences." *Yeager v. Yeager*, No. 2:06-cv-001196-JAM-EFB, 2009 WL 1159175, at *2 (E.D. Cal. Apr. 29, 2009) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 633-34 (1962) ("Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent.")). *Accord Johnson v. Merck & Co., Inc.,* No. 2:20-cv-00138-KJM-DB, 2022 WL 229860, at *6 (E.D. Cal. Jan 26, 2022) (denying under Rule 16 motion to reopen discovery and rejecting argument that former counsel's lack of diligence should not be imputed to current counsel).

Permitting Plaintiffs to file a first amended complaint and reopen discovery at this late stage rather than proceeding with the current schedule of this case, including the filing of dispositive motions and the upcoming pretrial conference, would prejudice Defendants. The deadline to seek leave to file an amended pleading in this action passed over a year ago (on August 19, 2024). Discovery closed more than six weeks prior to Plaintiffs' filing of their motion (which, itself, was filed more than one month after the deadline to file non-dispositive motions). The adding of a new plaintiff now invariably would require the reopening of discovery, including potentially expert discovery, to permit Defendants an opportunity to explore the new party's entitlement to relief. (Doc. 19 at 8). Notwithstanding that Defendants already have filed a pending motion for summary judgment, the reopening of discovery undoubtedly would require the re-setting of a deadline for dispositive motions, all of which would require continuance of the pretrial conference and trial. *See Zivkovic*, 302 F.3d at 1087 ("The additional causes of action would have required further discovery, which was to close five days after the motion to amend was filed. The requirement of additional discovery would have prejudiced Edison and delayed the proceedings.

1 The district court, therefore, did not abuse its discretion when denying Zivkovic's motion to amend."); *Lockheed Martin Corp.*, 194 F.3d at 986 ("A need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint.").

Plaintiffs separately invoke Rule 19 – which governs joinder of parties – and the requirement under California law that all heirs bring a single action to recover for wrongful death as a basis to find good cause to amend the scheduling order. (Doc. 18 at 5-7). Plaintiff argues that failing to permit amendment adding Ms. Marrufo as a named plaintiff will present "risk of future litigation among heirs that could otherwise arise from an omitted party's later claim." *Id.* at 8. Notwithstanding their concession that they do not now seek to amend the complaint to add Ms. Marrufo to the state law causes of action (Doc. 20 at 12), Plaintiffs maintain that Ms. Marrufo must be joined to the Section 1983 claim for interference with familial relationship as a required heir under Rule 19(a)(1) and California's single-action wrongful death rule "to ensure that all proper parties are before the Court in one proceeding." (Doc. 20 at 14).

Plaintiffs' invocation of Rule 19 as a basis of purported good cause to warrant belated amendment of the scheduling order is unavailing. To begin with, Plaintiffs are correct in conceding that Ms. Marrufo is unable to be named as a plaintiff to any state law causes of action, including the wrongful death claim, given her failure to timely present a claim under the Government Tort Claims Act. Thus, Rule 19 does not warrant belated amendment of the complaint. *See Backer v. United States*, No. 1:13–CV–1552 AWI GSA, 2014 WL 4267500, at *3 (E.D. Cal. Aug. 29, 2014) ("Federal courts have generally held that in wrongful death cases, absent heirs are considered 'necessary' parties… However, courts have also held that where an absent heir's claims are time-barred, the absent heir is not indispensable."); accord *A.D. v. California Highway Patrol*, No. C 07–5483 SI, 2009 WL 733872, at *5 (N.D. Cal. Mar. 17, 2009) (same); *Estate of Burkhart v. United States*, No. C. 07-5467-PJH, 2008 WL 4067429, at *7-8 (N.D. Cal. Aug. 26, 2008) (same; "the missing heirs are not eligible for relief, and if any relief is to be awarded, it could go only to [existing plaintiffs], who filed timely administrative claims and the present lawsuit. Similarly, the missing heirs cannot claim an interest in the action. Thus, a

judgment rendered in their absence would not prejudice them or the existing plaintiffs, and the absence of the missing heirs would not prevent the court from fashioning meaningful relief."). Thus, because Ms. Marrufo is not a necessary party and Plaintiffs disavow any continuing request to add her to the state law causes of action, Rule 19 is inapplicable here and has no bearing on whether Plaintiffs' establish good cause warranting amendment of the complaint.

Rule 19 likewise is inapplicable as to the only Section 1983 cause of action for which Plaintiffs seek to add Ms. Marrufo.  Specifically, Plaintiffs cite no authority for the proposition that California's single-action wrongful death rule applies to a Fourteenth Amendment claim to recover for companionship and society of a decedent.  Even if the belated amendment of Ms. Marrufo related back to the filing of the original complaint, in light of Plaintiffs' extraordinary delay in seeking relief notwithstanding counsel's notice of the bases for moving to amend long ago and the prejudice that would result from granting the relief requested (as recounted above), the Court finds that Plaintiffs fail to demonstrate good cause to amend the scheduling order. *See, e.g.*, *Florer v. Ford Motor Company*, No. 1:22-CV-00449-BLW-DKG, 2023 WL 7491146, at *3 (D. Id. Oct. 25, 2023) (finding under Rule 16 that plaintiff failed to demonstrate diligence sufficient to establish good cause to permit belated addition of a defendant where plaintiff obtained information to identity the potential defendant "long before the deadline to join additional parties had expired … but waited months until after the expiration of the joinder deadline to seek to add [the proposed defendant] as a party."); *BMW of North Am., LLC v. WIN.IT Am., Inc.*, No. CV 17-8826 PSG (MRWx), 2019 WL 12536807, at *4 (C.D. Cal. Feb. 21, 2019) (denying plaintiffs' request for joinder under Federal Rules of Civil Procedure 19, 20, and 21 where plaintiffs concede that proposed defendants are not indispensable parties and plaintiffs "cannot use Rule 20 and Rule 21 … to evade the good cause requirement of Rule 16."); *see id.* at *3 (finding plaintiffs did not show good cause under Rule 16 because they knew about the defendants to be added "for several months before the cut-off for adding parties[.]").

///

///

**B.     Rule 15 Analysis**

The Court finds that even if Plaintiffs passed the Rule 16 threshold in establishing good cause to warrant the amendment of the scheduling order, at this stage, amendment of the pleadings is not warranted under Rule 15.

As noted above, the Court may deny a motion for leave to amend the pleadings if permitting the proposed amendment would cause an undue delay in the litigation and prejudice the opposing party, such as when leave to amend is sought when the close of discovery nears or has already passed. *See*, *e.g., Zivkovic*, 302 F.3d at 1087; *Lockheed Martin Corp*, 194 F.3d at 986. Here, permitting Plaintiffs' proposed amendment of the pleadings would cause both an undue delay in the litigation and prejudice to Defendants.

By itself, a showing of undue delay is insufficient to deny leave to amend pleadings. *Howey v. United States*, 481 F.2d 1187, 1191 (9th Cir. 1973); *DCD Programs*, 833 F.2d at 186. However, in combination with other factors, delay may be sufficient to deny amendment. *Webb*, 655 F.2d at 979-80; *see Lockheed Martin Corp*., 194 F.3d at 986 (substantial delay, while not dispositive, is relevant to whether to permit amendment, "especially" where delay is unexplained). In assessing whether undue delay exists, a court considers whether "the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990) (citations omitted); *AmerisourceBergen Corp.*, 465 F.3d at 953. Whether there has been "undue delay" should be considered in the context of (1) the length of the delay measured from the time the moving party obtained relevant facts; (2) whether discovery has closed; and (3) proximity to the trial date. *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798-99 (9th Cir. 1991). As noted above, Plaintiffs were made aware of the unnamed heir issue when Defendants emailed counsel for Plaintiffs in August 2024. As such, the delay of over a year "between the time of obtaining a relevant fact and seeking a leave to amend" is inexcusable. *AmerisourceBergen Corp.*, 465 F.3d at 953 (citing *Texaco, Inc*, 939 F.2d at 799 (finding an eight-month delay before seeking leave to amend unreasonable)). Discovery has been closed since August 2025 and Defendants have filed a pending motion for summary judgment. Accordingly, Plaintiffs' undue delay weighs against their request for leave to amend.

The most critical factor in determining whether to grant leave to amend is prejudice to the opposing party. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). The burden of showing prejudice is on the party opposing an amendment to the complaint. *DCD Programs, Ltd.*, 833 F.2d at 187. There is a presumption in favor of granting leave to amend where prejudice is not shown under Rule 15(a). *Eminence Capital*, 316 F.3d at 1052.

As discussed above, Defendants reasonably characterize the not-insignificant prejudice they face if Plaintiffs are granted leave to amend the pleadings – reopening and engaging in discovery, resetting motion filing and hearing deadlines, redrafting their (pending) motion for summary judgment, and delaying the pretrial conference and preparations for trial. *See Solomon v. North Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998) (affirming denial of motion for leave to amend because the motion was filed "on the eve of the discovery deadline" and "[a]llowing the motion would have required re-opening discovery, thus delaying the proceedings"); *Sclacter-Jones v. Gen. Tel. of Cal.*, 936 F.2d 435, 443 (9th Cir. 1991), *abrogated by Cramer v. Consol Freightways, Inc.*, 255 F.3d 683 (9th Cir. 2001) ("The timing of the motion, after the parties had conducted discovery and a pending summary judgment motion had been fully briefed, weighs heavily against allowing leave.").

Having found that Plaintiffs unduly delayed bringing their motion and that its grant would cause prejudice, in addition to finding amendment unwarranted under Rule 16, the Court will exercise its discretion to deny Plaintiffs' request for leave to amend the pleadings under Rule 15. *See Swanson*, 87 F.3d at 343; *e.g.*, *Martin v. Walmart Inc.*, No. 2:22-cv-01832-JLS-E, 2023 WL 5508865, at *2-3 (C.D. Cal. July 3, 2023) (denying motion for leave to file an amended complaint and to modify the scheduling order "[g]iven the prejudice to [defendant] … [as] allowing [plaintiff] to file an amended complaint and reopening discovery would be inappropriate under both Rule 15 and Rule 16."); *Solomon*, 151 F.3d at 1139 ("The district Court's conclusion that [plaintiff's] motion to amend would cause undue delay and prejudice was not an abuse of discretion."); *Jones v. Cnty. of Tulare, Cal.*, No. 1:17-cv-1260-SKO, 2018 WL 6271577, at *7 (E.D. Cal. Nov. 30, 2018) (declining to address Rule 15 factors of bad faith and futility in finding plaintiffs' undue delay and prejudice to defendants weigh against granting leave to amend); *Paz v. City of Aberdeen*,

No. C13-5104 RJB, 2013 WL 6163016, at *3 (W.D. Wash. Nov. 25, 2013) ("there is no need to reach the factor of futility because the finding of both prejudice and undue delay are sufficient to deny the motion to amend the complaint."); *Markeen Sessions v. Wal-Mart Associates, Inc.*, No. CV 24-0751-KK-SPx, 2025 WL 819647, at *3 (C.D. Cal. Jan. 24, 2025) (denying motion to amend as "permitting amendment at this late date would unfairly delay the [] proceedings and prejudice Defendant.").

## V. Conclusion and Order

Based on the foregoing, it is HEREBY ORDERED that Plaintiffs' motion for leave to modify the scheduling order to permit amendment of the complaint (Doc. 18) is DENIED.

IT IS SO ORDERED.

Dated:   **November 19, 2025**

UNITED STATES MAGISTRATE JUDGE

13